**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVOR TERIHAJ and | ) | |
| ANTONIA TERIHAJ , | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| JAFFE & ASHER, LLP., | ) | |
| | ) | |
| DEFENDANT. | ) | |

**VERIFIED COMPLAINT**

Plaintiffs, Davor Terihaj and Antonia Terihaj bring this action to secure redress

from unlawful debt collection practices engaged in by Defendant Jaffe & Asher, LLP.

Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et

seq. ("FDCPA").

**VENUE AND JURISDICTION**

1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28

U.S.C. §§ 1331 and 1337.

2.    Venue in this District is proper because Defendant's collection demand

was received here, and Defendant transacts business here.

**PARTIES**

3.    Plaintiffs, Davor Terihaj ("Mr. Terihaj") and Antonia Terihaj ("Mrs.

Terihaj"), are natural persons and residents of Cook County, Illinois, and are each a

"consumer" as defined at 15 U.S.C. §1692a(3) of the FDCPA.

4.     Defendant, Jaffe & Asher, LLP, ("Defendant") is a law firm organized under the laws of the State of New York, and is located at 600 Third Avenue, New York, NY 10016.

5.     Defendant regularly attempts to collect consumer debts alleged to be due to another.

6.     Defendant is engaged in the collection of debts from Illinois consumers using the mail and telephone.

7.     Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**FACTS**

8.     Mr. Terihaj incurred an alleged consumer debt on an American Express credit card ("subject account"), with the last five digits of said credit card account ending in 01001.

9.     On or around July 11, 2009, Mr. Terihaj received in the mail a letter from American Express stating, *inter alia*, that any additional questions regarding the subject account should be directed to "Jaffe & Asher at 888-625-9895". (Exhibit A, July 2, 2009 letter to Mr. Terihaj).

10.     On July 12, 2009, Mr. Terihaj caused to be faxed a letter to the Defendant disputing the alleged debt, and further stating "Please do not call me or try to contact me regarding this alleged debt, unless you are verifying the alleged debt via mail." (Exhibit B, July 12, 2009 letter to Defendant).

11.     On August 5, 2009, an employee or agent of Defendant who identified himself as "Mark Kaplowitz" placed a telephone call to attorney Mario Kasalo, who had

previously represented Mr. Terihaj in an unrelated legal matter. Mr. Kaplowitz thereafter left a message with Mr. Kasalo's secretary, Beatriz Gonzalez, stating that he was calling regarding the Davor Terihaj Amex account, and asked that Mr. Kasalo return his call at 212-687-3000 ext 2650.

12.     During the pendency of the August 5, 2009 telephone conference with Beatriz Gonzalez, Mr. Kaplowitz did not identify that he was calling from a law firm, that he was calling from Jaffe & Asher, LLP, or that he was a debt collector.

13.     On August 5, 2009, Mr. Kasalo placed a return call to Mr. Kaplowitz via the number previously provided to Beatriz Gonzalez. Mr. Kasalo was thereafter connected to an individual who identified himself as Mark Kaplowitz, who stated that he had previously called Mr. Kasalo because he became aware that Mr. Kasalo represented Mr. Terihaj in a previous matter involving Nationwide Credit, Inc. ("Nationwide"), a debt collection agency. Specifically, Mr. Kaplowitz stated that a demand letter sent to Nationwide from Mr. Kasalo had been forwarded to him which contained Mr. Kasalo's contact information.

14.     During the pendency of the conversation with Mr. Kasalo, Mr. Kaplowitz stated, *inter alia*, the following: i) that a lawsuit had already been filed in Illinois against Mr. Terihaj, by a law firm named Markoff & Krasny, to recover the American Express alleged debt; ii) that he was calling Mr. Kasalo so that he may get word to Mr. Terihaj that settlement of the suit is still available, since he could not contact Mr. Terihaj directly because a cease communication letter had been received by his firm; iii) that his firm was still "working on" getting the verification statements to Mr. Terihaj; and iv) Mr.

Kaplowitz did not state that he was a debt collector or that the telephone call was an attempt to collect a debt. (Exhibit C, Verification from Mario Kris Kasalo).

15.     After Mr. Kaplowitz had informed Mr. Kasalo of the information described in paragraph 14 above, Mr. Kasalo informed Mr. Kaplowitz that he did not represent Mr. Terihaj with respect to the underlying debt, and also stated that Mr. Kaplowitz should not have discussed the matter with him, but rather should have done so, if at all, with the Terihajs.

16.     Mr. Kaplowitz thereafter stated that "this call is over", and hung up the telephone.

17.     Thereafter, on August 5, 2009, Mrs. Terihaj placed a telephone call to Mr. Kaplowitz after having been informed, by Mr. Kasalo, of the conversation that had transpired between himself and Mr. Kaplowitz.  After being connected to an individual who identified himself as Mark Kaplowitz, Mrs. Terihaj asked whether it was true that her husband had been sued already on the alleged debt, and also asked why Mr. Kaplowitz had contacted and discussed this matter with Mr. Kasalo.

18.     During the pendency of the conversation with Mrs Terihaj, Mr. Kaplowitz stated, *inter alia*, that a "a lawsuit has already been filed against you, you just haven't been served". Mr. Kaplowitz thereafter asked Mrs. Terihaj to have her husband call him to further discuss the subject account.

19.     In truth and in fact, no lawsuit had been filed against Mr. Terihaj or Mrs. Terihaj on or before August 5, 2009, which relates to the alleged American Express debt being collected by Defendant. (Exhibit D, August 10, 2009 Printout from Clerk of the

Circuit Court of Cook County web site showing that no lawsuit had been filed against Mr. Terihaj on the American Express alleged debt, up to that date ).

20.     In truth and in fact, Mrs. Terihaj does not owe the subject debt, and thus cannot legally be sued by American Express on the subject debt.

21.     Mr. Terihaj has not, to the date of the writing of this Complaint, received a response to his request for verification of the alleged debt that he faxed to the Defendant on July 12, 2009, and that was received by the Defendant on said same date.

22.     Notably, this Defendant has recently been sued, on July 17, 2009, under Index No. I 2009 -8236, by the New York Attorney General Andrew Cuomo over allegations of unlawful debt collection practices. (Exhibit E, Caption and Excerpt from Complaint filed against this Defendant and other Defendants).

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

23.     Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

24.     Defendant's violations of the FDCPA include, but are not limited to:

   A.     Defendant violated §1692b(2) when it contacted third party Mario Kasalo and stated that Mr. Terihaj owes a debt to American Express;

   B.     Defendant violated §1692c(b) when it communicated with third party Mario Kasalo regarding the alleged debt;

   C.     Defendant violated §1692c(c) by communicating with third party Mario Kasalo after having received notification in writing that Mr. Terihaj wishes to cease communication;

   D.     Defendant violated §1692d by engaging in conduct, as set forth and described in the above paragraphs, the natural consequence of which is to oppress, harass, and abuse the Plaintiffs;

E.    Defendant violated §1692e when it falsely and deceptively misrepresented that a law suit had been filed against the Plaintiffs to recover the alleged debt, when in truth and in fact no such suit had been filed;

F.    Defendant violated §1692e(2) when it misrepresented the character, amount, and legal status of the alleged debt by stating that a law suit had been filed to collect the alleged debt;

G.    Defendant violated Defendant violated §1692e(5) when it threatened that the law firm of Markoff & Krasny has filed a lawsuit in Cook County against the Plaintiffs, as said law firm could not legally have filed a suit against the Plaintiffs without first having verified the alleged debt;

H.    Defendant violated Defendant violated §1692e(10) when it used the false representation that a law suit had been filed against the Plaintiffs to recover the alleged debt, in order to induce Mr. Terihaj to settle the alleged debt;

I.    Defendant violated §1692e(11) when it repeatedly communicated regarding the alleged debt without first having provided the "mini-Miranda" warning required by this section;

J.    Defendant violated Defendant violated §1692f when, through the acts taken described in the above paragraphs, it used unfair and unconscionable means to attempt to collect the alleged debt;

K.    Defendant violated Defendant violated §1692g(b) by failing to cease collection efforts on the alleged debt until the alleged debt was validated;

25.    As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

**REQUEST FOR RELIEF-FDCPA**

WHEREFORE, Plaintiffs request that judgment be entered in their favor against the Defendant for:

A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.    Actual damages;

B.      Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(2); and

C.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

Respectfully submitted,

By: /s/ J. Nicolas Albukerk

**ALBUKERK & ASSOCIATES**
3025 W 26th St., Fl.2
Chicago, IL 60623
tele 773.847.2600
Nick@albukerk.com